AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

United States of America
v.
MARSHALL NEEFE

Defendant

Case: 1:21-cr-00567
Assigned to: Judge Lamberth, Royce C.
Assign Date: 9/8/2021
Description: INDICTMENT (B)

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

(name of person to be arrested) **MARSHALL NEEFE**

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1512(k) - Conspiracy to Obstruct Official Proceeding,
18 U.S.C. §§ 1512(c)(2), 2 - Obstruction of an Official Proceeding and Aiding and Abetting,
18 U.S.C. § 231(a)(3) - Civil Disorder,
18 U.S.C. §§ 111(a)(1) and (b), 2 - Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting,
18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) - Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,
18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,
18 U.S.C. §§ 1752(a)(4) and (b)(1)(A), 2 - Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon and Aiding and Abetting,
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds,
40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings,
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building.

Date: 09/08/2021

Zia M. Faruqui
2021.09.08 17:11:15
-04'00'

*Issuing officer's signature*

City and state: Washington D.C.

Zia M. Faruqui, U.S. Magistrate Judge

*Printed name and title*

---

**Return**

This warrant was received on (date) 9/9/21, and the person was arrested on (date) 9/13/21
at (city and state) Newville, PA

Date: 9/13/21

*Arresting officer's signature*

TFO JASON TAYLOR

*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-MJ-0088 |
| | : | |
| v. | : | |
| | : | |
| MARSHAL NEEFE, | : | |
| CHARLES BRADFORD SMITH, | : | |
| | : | |
| Defendants | : | |

## ORDER

Upon a finding that the defendants are financially unable to obtain counsel, **IT IS ORDERED** that the Federal Public Defender, 100 Chestnut Street, Suite 306, Harrisburg, Pennsylvania, 17101, telephone number (717) 782-2237, is appointed to represent the defendants in all Middle District of Pennsylvania Rule 5 proceedings.

s/ Martin C. Carlson

_____
Martin C. Carlson
United States Magistrate Judge

9/13/2021
Dated: _____

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 1:21-mj-0088-MCC |
| MARSHALL NEEFE | ) |
|  | ) Charging District's |
| Defendant | ) Case No. 1:21-CR-0567 |

**FILED**
HARRISBURG, PA
SEP 14 2021
PER ___KJK___
DEPUTY CLERK

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of  Columbia  ,
*(if applicable)* _____ division. The defendant may need an interpreter for this language: _____.

The defendant:  ☐ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:  9-14-2021

s / Martin C. Carlson

*Judge's signature*

Martin C. Carlson, U.S. Magistrate Judge
*Printed name and title*

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.  1:21-mj-0088-MCC |
| MARSHALL NEEFE ) | |
| ) | Charging District's Case No.  1:21-CR-0567 |
| *Defendant* ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*    District of Columbia

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒  an identity hearing and production of the warrant.

☐  a preliminary hearing.

☐  a detention hearing.

☐  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 9/13/21

*Defendant's signature*

*Signature of defendant's attorney*

Melissa Porter
*Printed name of defendant's attorney*

FILED
HARRISBURG, PA

SEP 1 3 2021

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CR. NO.
:
v. :
:
MARSHALL NEEFE : (U.S. Mag. Judge Carlson)

FILED
HARRISBURG, PA
SEP 1 3 2021
PER _____
DEPUTY CLERK

## MOTION FOR DETENTION

AND NOW comes the United States of America, by its undersigned counsel and, pursuant to Title 18 United States Code, § 3142, hereby requests detention of the above-named defendant, and sets forth in support thereof:

__x__ 1.  That the government is entitled to a detention hearing based upon the following:

 __x__ a.  Defendant is charged with a crime of violence as defined in Title 18 U.S.C. § 3156 or an offense listed in Title 18 U.S.C. § 2332(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed, see 18 U.S.C. § 3142(f)(1)(A); or

 ___ b.  Defendant is charged with an offense for which the maximum sentence is life imprisonment or death, see 18 U.S.C. § 3142(f)(1)(B); or

\_\_\_\_ c. Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., § 801 et seq.), or Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., § 955a), see 18 U.S.C. § 3142(f)(1)(C); or

\_\_\_\_ d. Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more state or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to federal jurisdiction had existed or a combination of such offenses, see 18 U.S.C. § 3142(f)(1)(D); or

\_\_\_\_ e. Defendant is charged with a felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or involves a failure to register under § 2250 of Title 18, United States Code. See 18 U.S.C. § 3142(f)(1)(E).

   X    f. That a serious risk exists that defendant will flee, <u>see</u> 18 U.S.C. § 3142(f)(2)(A) or

   x    g. That a serious risk exists that defendant will obstruct or attempt to obstruct justice or threaten injure or intimidate or attempt to threaten injure or intimidate, a prospective witness or juror. <u>See</u> 18 U.S.C. § 3142(f)(2)(B)

\_\_\_\_ 2. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that:

   \_\_\_\_ a. That defendant has been convicted of a federal offense described in subsection 1(a)-(d) above, or of a state or local offense that would have been an offense described in subsection 1(a)-(d) above if a circumstance giving rise to federal jurisdiction had existed;

   \_\_\_\_ b. That the offenses described in paragraphs 1(a)-(d) above were committed while defendant was on release pending trial for a federal, state or local offense; and

    \_\_\_\_ c.      A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offenses described in paragraph 1(a)-(d) whichever is later. <u>See</u> 18 U.S.C. § 3142(e).

\_\_\_\_ 3.      That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that:

    \_\_ a.      Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., § 951 <u>et. seq.</u>), Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., § 955a; or

    \_\_ b.      Defendant committed an offense under Title 18, U.S.C., § 924(c), that is, defendant did during and in relation to any crime of violence or drug trafficking crime use or carry a firearm; or

    \_\_\_\_ c.    Defendant committed an offense under Title 18, U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed, or an offense involving a minor victim under Title 18, U.S.C., §§ 1201, 1591, 2241-42, 2244-45, 2251-52, 2260, 2421-23 or 2425. See 18 U.S.C. § 3142(e)(3)(C) and (E).

\_x\_ 4.    The Government further submits that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

    \_x\_ a.    Defendant is a danger to any other person or the community, and/or;

    \_X\_ b.    Defendant is a flight risk.

\_\_\_\_ 5.    The defendant is currently in custody on other matters. The United States requests the entry of a detention order at this time without prejudice to a full detention hearing in the event that the defendant's custodial status changes.

\_\_\_\_ 6.    The United States requests a continuance of three days in which to prepare for a hearing on this motion.

5

Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

Dated: September 13, 2021          BY: /s/ Michael A. Consiglio
                                   Michael A. Consiglio
                                   Assistant United States Attorney
                                   Michael.Consiglio@usdoj.gov
                                   PA#76103
                                   228 Walnut Street, Suite 220
                                   P.O. Box 11754
                                   Harrisburg, PA 17108-1754
                                   Phone: (717) 221-4482
                                   Fax: (717)221-2246

# UNITED STATES DISTRICT COURT
for the
District of

FILED
HARRISBURG, PA

SEP 14 2021

PER _____ K JN
DEPUTY CLERK

United States of America )
v. )
)  Case No. 1: 21-MJ-88
MARSHALL NEEFE )
_____ )
Defendant )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  
   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
   
   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
   
   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
   
   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
   
   ☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☑ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 9-14-2021

*Martin C. Carlson*
United States Magistrate Judge

CLOSED

# United States District Court
# Middle District of Pennsylvania (Harrisburg)
# CRIMINAL DOCKET FOR CASE #: 1:21−mj−00088−MCC All Defendants
# *SEALED*
## *Internal Use Only*

| | |
|---|---|
| Case title: USA v. SEALED | Date Filed: 09/14/2021 |
| | Date Terminated: 09/14/2021 |

Assigned to: Magistrate Judge Martin C. Carlson

**Defendant (1)**

| | | |
|---|---|---|
| **Marshall Neefe**<br>*TERMINATED: 09/14/2021* | represented by | **Melissa B. Porter**<br>Federal Public Defender's Office<br>100 Chestnut Street, Suite 306<br>Harrisburg, PA 17101<br>717−782−2237<br>Email: melissa_porter@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1512K.F | |

Assigned to: Magistrate Judge Martin C. Carlson

**Defendant (2)**

| | | |
|---|---|---|
| **Charles Bradford Smith**<br>*TERMINATED: 09/14/2021* | represented by | **Melissa B. Porter**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                  **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                         **Disposition**

18:1512K.F

---

**Plaintiff**

**USA**                             represented by   **Michael A. Consiglio**
                                                      U.S. Attorney's Office
                                                      Federal Building
                                                      Suite 220
                                                      228 Walnut Street
                                                      Harrisburg, PA 17108–1754
                                                      717–221–4482
                                                      Email: michael.consiglio@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/13/2021 | 1 | SEALED INDICTMENT from the District of Columbia as to Marshall Neefe (1), Charles Bradford Smith (2). (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 2 | (Court only) Minute Entry for proceedings held before Magistrate Judge Martin C. Carlson:Initial Appearance in Rule 40 Proceedings as to Marshall Neefe, Charles Bradford Smith held on 9/13/2021. (Tape #Webex Recorded – Saved to Network Drive.)Total Time in Court [:30] (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 3 | CJA 23 – FINANCIAL AFFIDAVIT by Marshall Neefe. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 4 | CJA 23 – FINANCIAL AFFIDAVIT by Charles Bradford Smith. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 5 | MOTION FOR DETENTION by USA as to Marshall Neefe. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 6 | WAIVER of of Identity Hearing by Marshall Neefe. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 7 | WAIVER of of Identity Hearing by Charles Bradford Smith. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 8 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Marshall Neefe, Charles Bradford Smith. Signed by Magistrate Judge Martin C. Carlson on September 13, 2021. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 9 | ORDER Setting Conditions of Release as to Charles Bradford Smith. Signed by Magistrate Judge Martin C. Carlson on September 13, 2021. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 10 | ORDER TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Charles Bradford Smith. Signed by Magistrate |

| | | |
|---|---|---|
| | | Judge Martin C. Carlson on September 13, 2021. (kjn) (Entered: 09/14/2021) |
| 09/13/2021 | 11 | ORDER SCHEDULING A DETENTION HEARING as to Marshall Neefe. Detention Hearing set for 9/14/2021 at 4:00 PM in Harrisburg – Courtroom 5 before Magistrate Judge Martin C. Carlson. Signed by Magistrate Judge Martin C. Carlson on September 13, 2021. (kjn) (Entered: 09/14/2021) |
| 09/14/2021 | | Arrest (Rule 40) of Marshall Neefe, Charles Bradford Smith. (kjn) (Entered: 09/14/2021) |
| 09/14/2021 | | Sealed Document as to Charles Bradford Smith – Unredacted OSCR. (kjn) (Entered: 09/14/2021) |
| 09/14/2021 | 12 | (Court only) Minute Entry for proceedings held before Magistrate Judge Martin C. Carlson:Detention Hearing as to Marshall Neefe held on 9/14/2021. (Tape #Digitally Recorded – Saved to Network Drive.)Total Time in Court [1:15] (kjn) (Entered: 09/15/2021) |
| 09/14/2021 | 13 | ORDER OF DETENTION PENDING TRIAL as to Marshall Neefe (1). Signed by Magistrate Judge Martin C. Carlson on September 14, 2021. (kjn) (Entered: 09/15/2021) |
| 09/14/2021 | 14 | COMMITMENT TO ANOTHER DISTRICT as to Marshall Neefe. Defendant committed to District of District of Columbia. Signed by Magistrate Judge Martin C. Carlson on September 14, 2021. (kjn) (Entered: 09/15/2021) |
| 09/15/2021 | | (Court only) ***Case Terminated as to Marshall Neefe, Charles Bradford Smith. Transfer documents emailed to District of Columbia. (kjn) (Entered: 09/15/2021) |